J-S53006-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JERMAINE SAMUEL, | : | |
| | : | |
| Appellant | : | No. 1546 WDA 2013 |

Appeal from the Judgment of Sentence April 12, 2013,
Court of Common Pleas, Blair County,
Criminal Division at No(s): CP-07-CR-0000667-2012
and CP-07-CR-0002674-2011

BEFORE:  DONOHUE, OLSON and PLATT*, JJ.

JUDGMENT ORDER BY DONOHUE, J.:          **FILED AUGUST 22, 2014**

Jermaine Samuel ("Samuel") appeals from the judgment of sentence entered following his convictions of numerous counts of possession with intent to deliver, criminal use of a communication facility, dealing in unlawful proceeds and corrupt organizations.[1]   On April 12, 2013, Samuel was sentenced to an aggregate sentence of 46½ to 103 years of incarceration. On April 22, 2013, Samuel filed a timely post-sentence motion.  The trial court did not rule on Samuel's post-sentence motion within 120 days of the date it was filed, and so it was effectively denied by operation of law.  ***See***

---

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. §§ 7512(a), 5111, 911(b)(3).

*Retired Senior Judge assigned to the Superior Court.

Pa.R.Crim.P. 720(B)(3)(a). The docket reveals, however, that no order was ever entered denying Samuel's post-sentence motion.[2]

"A direct appeal in a criminal proceeding lies from the judgment of sentence." *Commonwealth v. Patterson*, 940 A.2d 493, 497 (Pa. Super. 2007). When timely post-sentence motions have been filed, the judgment of sentence is made final when an order is entered disposing of the post-sentence motions. *Commonwealth v. Kuykendall,* 2 A.3d 559, 560 n.1 (Pa. Super. 2010). Accordingly, we remand this matter to the trial court for the entry of an order *nunc pro tunc* denying Samuel's post-sentence motion as a matter of law pursuant to Pa.R.Crim.P. 720(B)(3)(a) within 10 days of the date of this judgment order. The trial court shall then transmit the order and updated docket sheet reflecting its entry to this Court so that we may proceed with the appeal.

Case remanded. Jurisdiction retained.

---

[2] Samuel avers in his notice of appeal that an order was entered on August 20, 2013 denying his post-sentence motions as a matter of law. There is no notation of such an order on the docket. Further, we have conducted a thorough review of the record and have found no such order contained therein.