J-S60023-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PETER J. SCHULTZ, JR. | |
| Appellant | No. 580 MDA 2014 |

Appeal from the Order Entered March 7, 2014
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0000114-2012, CP-54-CR-0000117-2012, CP-54-CR-0000655-2011, CP-54-CR-0000655-2011

BEFORE: OTT, STABILE, and JENKINS, JJ.

MEMORANDUM BY STABILE, J.:                **FILED JANUARY 27, 2015**

Appellant, Peter J. Schultz, Jr., appeals from the March 7, 2014[1] order[2] extending his participation in a State Intermediate Punishment ("SIP")[3] program for three months. We vacate and remand.

---

[1] The order on appeal was entered in the certified docket on March 7, 2014 rather than March 5, the date of Appellant's hearing. We have amended the caption accordingly.

[2] The order is final and appealable because, as we explain below, it imposed a new judgment of sentence.

[3] 61 Pa.C.S.A. §§ 4101-08. "SIP is a two-year program designed to benefit persons with drug and alcohol problems." **Commonwealth v. Kuykendall**, 2 A.3d 559, 560 (Pa. Super. 2010).

The Commonwealth charged Appellant with multiple counts of possession of a controlled substance, possession with intent to deliver, delivery of a controlled substance, and possession of drug paraphernalia[4] at the above-captioned criminal docket numbers. Appellant entered a negotiated guilty plea, and on May 17, 2012, the trial court imposed a sentence of 24 months of State Intermediate Punishment ("SIP"), with 59 days of credit for time served dating to March 20, 2012. On March 5, 2014, shortly before the 24-month SIP sentence was set to expire, the trial court found Appellant in violation of the program and therefore ordered him to serve an additional three months. At the conclusion of the hearing, the trial court issued the following order:

> AND NOW, this 5th day of March 2014, upon Motion of the Commonwealth, the Defendant's participation in the State Intermediate Punishment Program is hereby extended for 3 months to allow the defendant sufficient time to complete the Program. In light of the defendant having consumed alcohol on a home pass during the 3rd phase of his SIP treatment [sic].

Order, 3/7/14.

Appellant filed a timely notice of appeal on April 2, 2014. He raises a single issue: "Whether the Sentencing Court improperly revoked Appellant's participation in the State Intermediate Punishment Program without providing him the opportunity to be represented by counsel." Appellant's

---

[4] 35 P.S. § 780-113(a)(16), (30), (32).

Brief at 4. In its Pa.R.A.P. 1925(a) opinion, the trial court concedes the point and asks us to vacate the March 5, 2014 order and remand for a hearing at which Appellant can be represented by counsel. Trial Court Opinion, 4/10/14, at 1. Appellant would have us order him discharged rather than remand for a hearing, as the term of his sentence has now expired. The Commonwealth argues Appellant had no right to counsel at the March 5, 2014 hearing, as it was simply a revocation hearing, and that we should therefore affirm the trial court's order.

Before we address the merits of Appellant's argument and the trial court's request for a remand, we consider whether the trial court had jurisdiction to enter the order on appeal. Pursuant to § 5505 of the Judicial Code, the trial court cannot modify an order more than 30 days after its entry. 42 Pa.C.S.A. § 5505. Absent a patent or obvious mistake in the sentencing order, fraud, or other extreme circumstances justifying judicial intervention, the trial court lacks jurisdiction to modify a final judgment of sentence. **Commonwealth v. Walters**, 814 A.2d 253, 255-56 (Pa. Super. 2002), *appeal denied*, 831 A.2d 599 (Pa. 2003).

The trial court's May 27, 2012 judgment of sentence imposed 24 months of SIP. In the March 7, 2014 order on appeal, the trial court effectively extended the term of Appellant's sentence to 27 months. Despite language in the order indicating the contrary, the trial court did not revoke Appellant's SIP sentence. Rather, the trial court permitted Appellant to

remain in SIP for an extra three months. Pursuant to § 5505, the trial court had no jurisdiction to take such action. *Id.* at 256.[5] This is so because the record fails to reflect a patent or obvious mistake, fraud, or any other basis for modifying the judgment of sentence outside the thirty-day period specified in § 5505. Under these circumstances, the *Walters* Court held that a modified sentencing order is void. *Id.* Though neither party briefed this issue, this Court can raise a jurisdictional issue *sua sponte*. *Commonwealth v. Concordia*, 97 A.3d 366, 371 (Pa. Super. 2014).

We observe that the trial court's original judgment of sentence was in accord with the SIP statute, which provides that the duration of an SIP sentence "**shall** be 24 months . . . ." 61 Pa.C.S.A. § 4105(b) (emphasis added). Nothing in the express terms of the SIP statute authorizes an SIP sentence of lesser or greater duration than 24 months. Section 4105(b) subsections (1) through (4) provide for the SIP participant to spend time in a state correctional facility, a therapeutic community, an outpatient facility,

---

[5] On November 12, 2014, this Court received a supplemental record indicating the trial court has revoked Appellant's SIP sentence and sentenced him to a term of incarceration in a judgment of sentence dated September 4, 2014. We remind the trial court and the parties that, pursuant to Rule 1701(a) of the Rules of Appellate Procedure, the trial court had no jurisdiction to conduct further proceedings in this case during the pendency of this appeal subject to the exceptions set forth in other subsections of Rule 1701. Pa.R.A.P. 1701(a), (b). Appellant has filed an appeal from the September 4 judgment of sentence. We leave it to the panel assigned to that appeal to discern the propriety of the proceedings that post-date the instant appeal.

and supervised reintegration into the community, respectively. 61 Pa.C.S.A. § 4105(b)(1)-(4). Likewise, § 4105(c) permits the Department of Corrections "maximum flexibility" to move the participant back and forth between and among the four phases of treatment identified in § 4105(b)(1)-(4). Nothing in § 4105(c), however, expressly authorizes the Department of Corrections to extend participation beyond the 24 months specified in § 4105(b).

Section 4105(f)(3), in tandem with § 9774 of the Sentencing Code, provides that a trial court "shall" revoke the SIP sentence if the participant is expelled from or fails to complete the program. 61 Pa.C.S.A. § 4105(f)(3); 42 Pa.C.S.A. § 9774.[6] Here, the trial court acknowledged that Appellant failed to complete the SIP program within the two-year period. N.T. Hearing, 3/5/14, at 8.

The trial court explained the circumstances and reasoning behind its order at the March 5, 2014 hearing:

> Okay. So we received a letter. When I say we, it was addressed to me, Judge Miller, because I'm the one that approved you for the SIP Program on February 22 of 2012.
>
> They've indicated that they're willing to have you continue in the program, even though when you

---

[6] We observe that § 9774 provides only for revocation of an SIP sentence, in contrast with § 9771 of the Sentencing Code, which provides for revocation **or** modification of a probationary sentence. **See** 42 Pa.C.S.A. § 9771.

were issued a home pass during the third phase of the SIP treatment, you consumed alcohol while on the pass, and you were issued a misconduct. As part of the discipline process, you were reassessed and returned to SIP level 1 to start over in treatment in an institutional therapeutic community. They've indicated you've done well in treatment since then, but the three months['] sentence extension is needed to allow you sufficient time to complete a minimum of six months treatment through the community based outpatient treatment program.

If they didn't grant you this extension, then you'd be back here; and we'd be revoking you from the program; and we'd have to do an evaluation as to what a recommended sentence would be. But that's not the case. They're recommending that you continue in the program, and don't violate any terms of the program again, so that you can continue and complete the program.

N.T. Hearing, 3/5/14, at 3-4.

Our research has uncovered no case law governing a trial court's authority to modify an SIP sentence to extend beyond the statutorily prescribed 24-month period. The parties have not briefed this issue (indeed, the argument section of Appellant's Brief contains no citation to any legal authority), and the trial court did not address it. We therefore decline to opine on an apparent question of first impression without the benefit of briefs or argument.

Next, we address Appellant's argument that we should order him discharged, inasmuch as the term of his sentence is now expired. We disagree. In *Kuykendall*, the defendant appealed his sentence of imprisonment after the trial court revoked his SIP participation.

***Kuykendall***, 2 A.3d at 550. The defendant argued the trial court erred because, despite the defendant's various violations, the 24-month SIP term expired prior to re-sentencing. ***Id.*** at 563. This Court disagreed. "[T]he two-year SIP sentence requires successful completion of the program through a systematic satisfaction of all phases of the SIP program." ***Id.*** "[Defendant] did not successfully navigate his way through the SIP; thus, he cannot assert that he completed his SIP sentence." ***Id.*** at 563-64. Here, as in ***Kuykendall***, Appellant failed to complete his SIP sentence successfully by the end of the 24-month term of the sentence. We therefore decline Appellant's request to order his discharge.

Finally, since we have decided to vacate and remand on a jurisdictional issue, we need not address the parties' arguments concerning Appellant's right to counsel. The trial court has already decided to appoint counsel to represent Appellant on remand, and nothing in the law prevents it from doing so.

Based on all of the foregoing, we vacate the trial court's order and remand for further proceedings.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/27/2015</u>