J. S20010/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                        : PENNSYLVANIA
                         v.                   :
                                                        :
ANDRE LEMONT CROMWELL,        : No. 481 WDA 2014
                                                        :
                    Appellant        :


Appeal from the Judgment of Sentence, February 7, 2014,[1]
in the Court of Common Pleas of Washington County
Criminal Division at No. CP-63-CR-0001535-2013


BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND WECHT, JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:            **FILED MAY 13, 2015**

Andre Lamont Cromwell appeals from the judgment of sentence.  For the following reasons, we remand.

On February 7, 2014, appellant entered a guilty plea to one count each of robbery, 18 Pa.C.S.A. § 3701(a)(1)(ii), and recklessly endangering another person, 18 Pa.C.S.A. § 2705.  Immediately thereafter, he was sentenced to five to ten years' imprisonment.  On February 18, 2014,[2]

---

[1] We note that appellant's notice of appeal purports to appeal from the February 24, 2014 order denying his post-sentence motion.  However, a direct appeal in a criminal case can only lie from the judgment of sentence.  ***Commonwealth v. Kuykendall***, 2 A.3d 559, 560 n.1 (Pa.Super. 2010) (citation omitted).  We have therefore amended the caption accordingly.

[2] As February 17, 2014, fell on President's Day, appellant had until the following day to timely file this motion.  ***See*** 1 Pa.C.S.A. § 1908 (excluding weekends and holidays from the computation of time).

appellant filed a motion for leave to withdraw his guilty plea. (Docket #25.) A hearing was held on February 24, 2014; and on March 4, 2014, the trial court denied appellant's motion as well as counsel's oral motion to withdraw. (Docket #31.) On March 17, 2014, appellant filed a *pro se* petition requesting that new counsel be appointed. (Docket #32.)

On March 26, 2014, counsel filed a timely notice of appeal on appellant's behalf. On July 11, 2014, the trial court granted counsel leave to withdraw and John K. Puskar, Esq., was appointed. The court also directed appellant to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A. (Docket #37.) Appellant's counsel did not comply.[3] On December 10, 2014, the trial court filed an opinion, which highlighted appellant's failure to file a Pa.R.A.P. 1925(b) statement and indicated that all issues have been waived for purposes of appeal.

In *Commonwealth v. Lord*, 719 A.2d 306, 209 (Pa. 198), our supreme court held that if an appellant is directed to file a concise statement pursuant to Pa.R.A.P. 1925(b), any issues not raised in that statement are waived. In *Commonwealth v. Butler*, 812, A.2d 631 (Pa. 2002), the court

---

[3] We note that throughout the proceedings appellant filed various *pro se* motions. Notably, on October 14, 2014, appellant filed a *pro se* Rule 1925(b) statement and on October 24, 2014, an amended *pro se* Rule 1925(b) statement. (Docket #39.) However, no defendant has a right to hybrid representation, either at trial or on appeal. *Commonwealth v. Ali*, 10 A.3d 282, 293 (Pa. 2010).

expanded upon *Lord*, holding that waiver automatically applies when a Pa.R.A.P. 1925(b) statement is not filed or if an issue is not included in the concise statement, even when the question of waiver has not been raised by the other party and when the trial court has chosen to overlook the failure and address the issues it assumed would be raised. However, our supreme court subsequently amended Pa.R.A.P. 1925 to include a procedure for appellant courts to follow when counsel fails to file a Pa.R.A.P. 1925(b) statement. Rule 1925(c)(3) states:

> If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been per se ineffective, the appellate court shall remand for the filing of a Statement nunc pro tunc and for the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3).

Our review of this matter indicates that the failure to file the Pa.R.A.P. 1925(b) statement was ***per se*** ineffective assistance of counsel. Therefore, we remand this matter for the filing of a ***nunc pro tunc*** Pa.R.A.P. 1925(b) statement as well as the filing of an opinion by the trial court.

Accordingly, the Superior Court Prothonotary is directed to return the record to the trial court upon the filing of this Memorandum. Appellant's counsel shall file a Pa.R.A.P. 1925(b) statement within 21 days of the lower court's receipt of the record. The trial court shall have 30 days thereafter to prepare and file its Pa.R.A.P. 1925(a) opinion. Upon the filing of the trial

court opinion, the record is to be returned to the Superior Court Prothonotary within 30 days. The Superior Court Prothonotary is directed to then issue a new briefing schedule.

Matter remanded for action consistent with this decision. Jurisdiction retained.