J-S94036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| WALTER MARTIN HEINBACH | |
| Appellant | No. 1145 MDA 2016 |

Appeal from the Judgment of Sentence April 27, 2016
in the Court of Common Pleas of Wyoming County Criminal Division
at No(s): CP-66-CR-0000479-2013

BEFORE: LAZARUS, RANSOM, AND FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED JANUARY 04, 2017**

Appellant, Walter Martin Heinbach, appeals from the judgment of sentence entered in the Wyoming County Court of Common Pleas after the trial court purported to revoke his state intermediate punishment ("SIP"). Appellant claims he is entitled to discharge because the trial court erred in failing to hold a revocation hearing, the court's new sentence violated double jeopardy, and the court improperly calculated credit for time served. We vacate the judgment of sentence and remand for further proceedings.

A summary of the facts underlying Appellant's conviction is unnecessary to this appeal. Appellant pleaded guilty to possession of a prohibited offensive weapon and driving under the influence on April 4,

---

[*] Former Justice specially assigned to the Superior Court.

2014. On October 3, 2014, the trial court sentenced him to serve twenty-four months' SIP, with 189 days' credit for time served.

On April 13, 2016, the SIP program administrator authored a letter informing Appellant that he was "expelled due to [his] Lack of Meaningful Participation in the program." Letter, Terri A. Sommers to Appellant, 4/13/16. The administrator stated Appellant "returned to substance use several times while in SIP" and most recently failed a breathalyzer test on March 19, 2016. *Id.* The administrator informed the trial court of Appellant's expulsion and requested resentencing before Appellant's maximum release date of April 29, 2016. Letter, Terri A. Somers to President Judge Russell Shurtleff, 4/13/16.

On April 27, 2016, the trial court convened a hearing at which counsel for the Commonwealth and Appellant were present. Appellant participated by videoconferencing. The court stated that it was notified of Appellant's expulsion and that a presentence investigation report was completed. The court heard arguments on sentencing, as well as a statement by Appellant. The court sentenced Appellant to an aggregate nineteen to sixty-six months' imprisonment with 403 days' credit for time served. This timely appeal followed.

Appellant presents the three questions for review, which we have reordered as follows:

> Did the [trial] court's failure to hold a revocation hearing, in accordance with 42 Pa.C.S.[ ] § 9774(b) constitute an

- 2 -

error of law such that it deprived [Appellant] of due process of law?

Upon resentencing [Appellant], did the [trial] court's failure to vacate the original sentence implicate the protections against double jeopardy such that the resentencing orders are void *ab initio*?

Did the [trial] court commit an error of law when it failed to properly calculate [Appellant's] time served credit?

Appellant's Brief at vii.

Appellant first argues that the trial court erred in failing to conduct a revocation hearing. The Commonwealth agrees. Our review reveals that relief is due.

Section 9774 of the Judicial Codes provides:

**(a) General rule.**—The court may at any time terminate a sentence of State intermediate punishment pursuant to 61 Pa.C.S. Ch. 41 (relating to State intermediate punishment).

**(b) Revocation.**—The court shall revoke a sentence of State intermediate punishment if after a hearing it determines that the participant was expelled from or failed to complete the program.

**(c) Proceedings upon revocation.**—Upon revocation of a State intermediate punishment sentence, the sentencing alternatives available to the court shall be the same as the alternatives available at the time of initial sentencing. The attorney for the Commonwealth must file notice, at any time prior to resentencing, of the Commonwealth's intention to proceed under an applicable provision.

42 Pa.C.S. § 9774. Additionally, Pennsylvania Rule of Criminal Procedure 708 provides, in relevant part:

> Whenever a defendant has been sentenced to probation or intermediate punishment, or placed on parole, the judge shall not revoke such probation, intermediate punishment, or parole as allowed by law unless there has been:
>
> (1) a hearing held as speedily as possible at which the defendant is present and represented by counsel; and
>
> (2) a finding of record that the defendant violated a condition of probation, intermediate punishment, or parole.

Pa.R.Crim.P. 708(B).

This Court has recognized that "expulsion and revocation are separate and distinct by statute." **Commonwealth v. Kuykendall**, 2 A.3d 559, 562 (Pa. Super. 2010) (citation omitted). The Pennsylvania Department of Corrections is vested with the authority to expel a defendant from a SIP program. **Id.** However, it is for a court to revoke the underlying sentence. **Id.** In the context of probation, the failure to hold a revocation hearing requires the vacation of the new sentence and a remand so that a hearing may be held. **Commonwealth v. Harrison**, 398 A.2d 1057, 1059 (Pa. Super. 1979).

Instantly, the trial court proceeded immediately to resentencing without conducting a revocation hearing or entering a "finding of record that the defendant violated a condition of . . . intermediate punishment." **See** Pa.R.Crim.P. 708(b). Therefore, we must vacate the new sentence and remand for a hearing. **See Harrison**, 398 A.2d at 1059.

Appellant, in his next two arguments, challenges the legality of his sentence under double jeopardy principles and the failure to award credit for

time served.  *See Kuykendall*, 2 A.3d at 563; *Commonwealth v. Heredia*, 97 A.3d 392, 395 (Pa. Super. 2014).  He claims that because the trial court did not revoke or vacate the prior SIP sentence, the instant sentencing order constitutes a second punishment for the same offense and must be stricken.  Appellant's Brief at 4-5.  He further contends that because the prior SIP sentence expired on April 29, 2015, he is now entitled to discharge.  *Id.* at 5-6.  Appellant also claims the trial court did not explain the discrepancy between the 189 days' credit, relating back to April 29, 2014, awarded at the initial sentencing proceeding, and the 403 days' credit, relating back to August 27, 2015.  *Id.* at 6.  We conclude that these issues are either meritless or moot.

In *Kuykendall*, this Court observed:

> Once the sentencing court determined that Appellant had not successfully completed the SIP program, by law it was required to revoke the SIP sentence.  42 Pa.C.S. § 9774(b).  Additionally, much like a probation revocation, the court had the same sentencing alternatives available to it as it had at the time of the original sentence. 42 Pa.C.S. § 9774(c).  We have consistently held that a revocation of probation does not violate double jeopardy.

*Kuykendall*, 2 A.3d at 564 (some citations omitted).  The "SIP sentence requires successful completion of the program through a systematic satisfaction of all phases of the SIP program."  *Id.* at 563.  "Revocation of SIP and the subsequent re-sentencing does not implicate double jeopardy since the 'revocation is not a second punishment for the original conviction,

but rather is an integral element of the original conditional sentence[.]'" **Id.** at 564 (citations omitted).

Thus, a new sentence imposed following the revocation of Appellant's SIP sentence would not violate double jeopardy. **See id.** at 564. As to Appellant's further contention that he is entitled to discharge because his maximum sentence on the SIP charge expired, we reiterate a SIP sentence requires successful completion of the SIP program. **See id.** at 563. Because Appellant has not successfully completed the program, we disagree with his proposed remedy of discharge. **See id.**

As to Appellant's contention that the trial court erred in awarding 403 days' credit for time served,[1] we conclude that this issue is moot in light of our decision to vacate and remand for a revocation hearing.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_(signature)_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/4/2017

---

[1] We note that Appellant, in his Pa.R.A.P. 1925(b) statement asserted he was entitled to twenty-seven-and-one-half months' credit.

- 6 -