J-S21042-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD HARMON, | : | |
| | : | |
| Appellant | : | No. 1728 WDA 2019 |

Appeal from the Judgment of Sentence Entered July 2, 2018
in the Court of Common Pleas of Potter County
Criminal Division at No(s):  CP-53-CR-0000276-2016

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD HARMON, | : | |
| | : | |
| Appellant | : | No. 1729 WDA 2019 |

Appeal from the Judgment of Sentence Entered July 2, 2018
in the Court of Common Pleas of Potter County
Criminal Division at No(s):  CP-53-CR-0000207-2016

BEFORE:  LAZARUS, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    FILED JULY 30, 2020

Ronald Harmon ("Harmon") appeals from the judgments of sentence

imposed following the revocation of his State Intermediate Punishment

("SIP")[1] sentence.   We affirm.

On July 27, 2016, Harmon was arrested and charged, at docket #207 of 2016 ("#207 of 2016"), with weapons or instruments for escape related to conduct that had occurred while Harmon was in prison for separate, unrelated offenses.   On November 11, 2016, Harmon was charged, at docket #276 of 2016 ("#276 of 2016") with burglary, criminal trespass, harassment, and criminal mischief.

On March 7, 2017, Harmon entered a guilty plea to the charge at #207 of 2016, and to the burglary, harassment, and criminal mischief charges at #276 of 2016.   Pursuant to the plea agreement, the Commonwealth recommended that Harmon be transferred to the SIP Program.   The trial court accepted Harmon's plea, and directed him to be transferred to the Department of Corrections to be evaluated for SIP eligibility.   On May 31, 2017, Harmon was sentenced to SIP.

On March 26, 2018, the Department of Corrections expelled Harmon from the SIP program due to a lack of meaningful participation.   On July 2, 2018, the trial court held a revocation and resentencing hearing.   At the hearing, the trial court revoked Harmon's SIP sentence, and re-sentenced him

---

[1] See generally Commonwealth v. Kuykendall, 2 A.3d 559, 563-64 (Pa. Super. 2010) (explaining that the SIP program is a two-year program aimed at treating the addictions of certain criminal offenders); 61 Pa.C.S.A. § 4105(b) (setting forth requirements of SIP program).   The SIP program "is a privilege granted at the discretion of the sentencing court."   Kuykendall, 2 A.3d at 565.

to a term of 14 to 28 months for the conviction at #207 of 2016, and a consecutive term of 30 to 60 months for the burglary conviction at #276 of 2016, with credit for time served. Harmon did not file a post-sentence motion to modify or reconsider his sentence.

Harmon filed two timely Notices of Appeal, one at each docket number, and two court-ordered Pa.R.A.P. 1925(a) Concise Statements. On November 27, 2018, this Court dismissed Harmon's appeal for failure to file a brief.

Harmon was appointed new counsel on January 31, 2019. On July 24, 2019, Harmon filed a Petition for Post-Conviction Relief pursuant to the Post Conviction Relief Act ("PCRA"),[2] alleging that trial counsel provided ineffective assistance of counsel per se in failing to file a brief for his direct appeal. On August 8, 2019, the PCRA court issued an Order reinstating Harmon's direct appeal rights, nunc pro tunc. On September 6, 2019, Harmon filed two new Notices of Appeal, nunc pro tunc, at each docket number, as well as two new Pa.R.A.P. 1925(b) Concise Statements.[3]

Harmon raises the following issue for our review: "Did the trial court abuse i[t]s discretion by sentencing [Harmon] to unreasonable consecutive sentences?" Brief for Appellant at 1 (unnumbered).

_____

[2] 42 Pa.C.S.A. §§ 9541-9546.

[3] By Order entered January 2, 2020, this Court, sua sponte, consolidated Harmon's appeals for our appellate review.

Harmon argues that the trial court abused its discretion when it imposed a consecutive sentence for his convictions. Id. at 4 (unnumbered). Harmon claims that the trial court's decision to run his sentences consecutively resulted in an aggregate sentence that was disproportionate to his criminal conduct. Id. at 4-5 (unnumbered). Additionally, Harmon asserts that the trial court's decision to impose a sentence of prison time was unreasonable in light of Harmon's substance abuse issues, rather than sentencing him to the intermediate, treatment-based SIP program to which he was previously sentenced. Id. at 5 (unnumbered).

Harmon's claim challenges the discretionary aspects of his sentence. "It is well-settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal." Commonwealth v. Mastromarino, 2 A.3d 581, 585 (Pa. Super. 2010). Before we address the merits of a discretionary sentencing claim,

> [w]e conduct a four-part analysis to determine: (1) whether the appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether the appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

Commonwealth v. Moury, 992 A.2d 162, 170 (Pa. Super. 2010) (some citations omitted). With respect to the second factor, an appellant must object and request a remedy at sentencing, or raise the challenge in a post-sentence motion. Commonwealth v. McAfee, 849 A.2d 270, 275 (Pa. Super. 2004).

- 4 -

The Pennsylvania Rules of Criminal Procedure caution defendants that, in filing post-sentence motions, "[a]ll requests for relief from the trial court shall be stated with specificity and particularity[.]" Pa.R.Crim.P. 720(B)(1)(a). See Commonwealth v. Tejada, 107 A.3d 788, 798-99 (Pa. Super. 2015) (stating that the trial court must be provided the opportunity to reconsider its sentence, either at sentencing or in a post-sentence motion). See, e.g., Commonwealth v. Mann, 820 A.2d 788, 793-94 (Pa. Super. 2003) (holding that the defendant waived his discretionary aspects of sentencing claim asserting that the trial court failed to state the reasons for his sentence on the record because he argued in his post-sentence motion only that his sentence was unduly severe, and the trial court abused its discretion under the sentencing code).

Our review of the Notes of Testimony from Harmon's sentencing hearing indicates that Harmon did not preserve this claim on the record at sentencing. See N.T., 7/2/18, at 21 (wherein the trial court informs Harmon of the time limits under which he can file a motion to challenge his sentence or request a modification, and Harmon states that he understood his rights). Further, Harmon failed to file a post-sentence motion. Because Harmon has failed to

properly preserve the issue at sentencing or in a post-sentence motion, we are unable to address the merits of his claim. See Tejada, supra.[4]

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/30/2020

---

[4] We note that Harmon raised the issue in his Pa.R.A.P. 1925(b) Statement and the trial court addressed the issue in its Rule 1925(a) Opinion. However, this does not cure waiver. Mann, 820 A.2d at 794.