J-S62011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DILLON MICHAEL BOREMAN | |
| Appellant | No. 1469 MDA 2015 |

Appeal from the Judgment of Sentence July 28, 2015
In the Court of Common Pleas of Perry County
Criminal Division at No(s):  CP-50-CR-0000044-2013
CP-50-CR-0000045-2013
CP-50-CR-0000046-2013
CP-50-CR-0000444-2012
CP-50-CR-0000445-2012
CP-50-CR-0000446-2012
CP-50-CR-0000447-2012
CP-50-CR-0000448-2012
CP-50-CR-0000449-2012
CP-50-CR-0000450-2012

BEFORE:  GANTMAN, P.J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED AUGUST 29, 2016**

Dillon Michael Boreman ("Appellant") appeals from the judgment of sentence entered in the Perry County Court of Common Pleas following the revocation of his State Intermediate Punishment ("SIP") sentence.  We affirm.

The trial court set forth the relevant facts and procedural history of this appeal as follows:

> On May 13, 2013, Appellant entered guilty pleas on…ten (10) docket numbers.[1] On that date, Appellant entered a guilty plea in:

a) CR-444-2012, to one count of burglary, a felony of the second degree, in violation of [18 Pa.C.S. §] 3502(a)(4), agreement with the Commonwealth is that [Appellant] serve a two month minimum sentence;

b) CR-445-2012, to one count of burglary, a felony of the second degree, in violation of [18 Pa.C.S. §] 3502(a)(4), agreement with the Commonwealth is that [Appellant] serve a two month minimum sentence;

c) CR-446-2012, to one count of burglary, a felony of the second degree, in violation of [18 Pa.C.S. §] 3502(a)(4), agreement with the Commonwealth is that [Appellant] serve a two month minimum sentence;

d) CR-447-2012, to one count of theft, a misdemeanor of the first degree, in violation of [18 Pa.C.S. §] 3921(a), agreement with the Commonwealth is that [Appellant] serve a term of probation;

e) CR-448-2012, to one count of possession of a firearm, a felony of the second degree, in violation of [18 Pa.C.S. §] 6105(a)(1), the court ordered a presentence investigation report;

f) CR-448-2012, to one count of theft by unlawful taking, a misdemeanor of the second degree, in violation of [18 Pa.C.S. §] 3921(a), agreement with the Commonwealth is that [Appellant] serve a probationary sentence;

g) CR-449-2012, to two counts of burglary, felonies of the second degree, in violation of [18 Pa.C.S. §] 3502(a)(4); agreement with the Commonwealth is that [Appellant] serve a two month minimum sentence on each count-there is no agreement as to concurrency;

h) CR-450-2012, to one count of burglary, a felony of the second degree, in violation of [18 Pa.C.S. §] 3502(a)(4), agreement with the Commonwealth is that [Appellant] serve a two month minimum sentence;

i) CR-044-2013, to one count of theft, a misdemeanor of the second degree, in violation of [18 Pa.C.S. §] 3921(a); agreement with the Commonwealth is that [Appellant] will serve a probationary sentence;

j) CR-045-2013, to one count of burglary, a felony of the second degree, in violation of [18 Pa.C.S. §] 3502(a)(4), agreement with the Commonwealth is that [Appellant] will serve a two month minimum sentence; and

k) CR-046-2013, to one count of theft, a felony of the third degree, in violation of [18 Pa.C.S. §] 3502(a)(4), agreement with the Commonwealth is that [Appellant] serve a two month minimum sentence.

[1] The agreement between the Commonwealth and [Appellant] was that the [sentences of incarceration] run consecutive to each other.

On October 3, 2013, the Appellant appeared for sentencing on all ten (10) docket numbers. On this date, the [c]ourt sentenced Appellant to the [SIP] Program for a total of two (2) years on each of the charges, with all sentences running concurrent to each other.[2]

[2] Appellant would have completed his two year SIP sentence on October 3, 2015.

On May 18, 2015, the court received a letter from the Department of Corrections, expelling Appellant from the SIP Program on February 13, 2015 for a lack of meaningful participation, evidenced by multiple relapse[s] and behavioral infractions. As a result, the court held an SIP revocation/resentencing hearing on July 28, 2015. On that date, Appellant was resentenced to a total of forty-six (46)

to one-hundred-eight (108) months['] incarceration in a State Correctional Institution ("SCI"). The court's order states that "the [sentences of incarceration] are below the standard range due to agreement with the Commonwealth." Appellant received credit from September 20, 2012 through April 14, 2014 (572 days), and February 13, 2015 through July 28, 2015 (166 days), totaling 738 days of credit (or 2 years and 8 days).

Appellant filed an appeal with the Superior Court and by order dated August 31, 2015, this court directed that he file a concise statement of matters complained on appeal. On February 8, 2016, Appellant filed his statement.

Trial Court Pa.R.A.P. 1925(a) Opinion, filed February 29, 2016 at A-1-3

(unnecessary capitalization omitted).

Appellant raises the following issues for our review:

1. WHETHER THE SENTENCING COURT HAD JURISDICTION AND/OR AUTHORITY AND/OR ABUSED ITS DISCRETION BY SENTENCING APPELLANT TO FORTY-SIX (46) TO ONE HUNDRED EIGHT (108) MONTHS['] INCARCERATION WHEN APPELLANT'S ORIGINAL SENTENCE ON OCTOBER 13, 201[3] PROVIDED FOR A "TOTAL PERIOD OF TWO YEARS IN THE STATE INTERMEDIATE PUNISHMENT PROGRAM" AND WHEN APPELLANT WAS RESENTENCED ON JULY 28, 2015, HE HAD SERVED TWO YEARS AND EIGHT DAYS, A PERIOD OF TIME IN EXCESS OF TWO YEARS?

2. WHETHER THE SENTENCING COURT ABUSED ITS DISCRETION BY RESENTENCING [APPELLANT] TO FORTY-SIX (46) TO ONE HUNDRED EIGHT (108) MONTHS['] INCARCERATION ON JULY 28, 2015, WHEN HIS ORIGINAL SENTENCES WERE BASED ON AN AGREEMENT WITH THE COMMONWEALTH WITH A SPECIFIC SENTENCING STRUCTURE (SEE MAY 13, 2013 ORDER), AND WHEN APPLIED AT HIS RESENTENCING, THE ONLY CHARGE FOR WHICH HE WOULD NOT HAVE COMPLETED HIS MAXIMUM SENTENCE WITH HIS CREDIT DUE AT RE-SENTENCING ON JULY 28, 2015 IS, POTENTIALLY, THE CHARGE FOR VIOLATING TITLE 18 § 6105(A)(1), A SECOND DEGREE

FELONY FOR ONE COUNT POSSESSION OF A FIREARM IN CP-50-CR-0000448-2012 WHICH WOULD HAVE RESULTED IN A [THIRTY] (30) TO SIXTY (60) MONTH PERIOD OF INCARCERATION WITH SEVEN HUNDRED THIRTY-EIGHT (738) DAYS CREDIT AGAINST THIS SENTENCE?

3. WHETHER THE SENTENCING COURT ABUSED ITS DISCRETION IN SENTENCING APPELLANT TO FORTY-SIX (46) TO ONE-HUNDRED EIGHT (108) MONTHS['] INCARCERATION ON JULY 28, 2015 WHEN PURSUANT TO THE PLEA AGREEMENT ENTERED INTO ON MAY 13, 2013 WITH THE COMMONWEALTH PROVIDED FOR AN AGREED UPON MINIMUM INCARCERATIVE SENTENCE OF 16 MONTHS AND AT THE TIME OF APPELLANT'S RESENTENCING HE HAD SERVED TWO (2) YEARS AND EIGHT (8) DAYS?

Appellant's Brief at 20-21.

"Generally, in reviewing an appeal from a judgment of sentence imposed after the revocation of probation, this Court's scope of review includes the validity of the hearing, the legality of the final sentence, and if properly raised, the discretionary aspects of the appellant's sentence." ***Commonwealth v. Kuykendall***, 2 A.3d 559, 563 (Pa.Super.2010) (citing ***Commonwealth v. Ferguson***, 893 A.2d 735, 737 (Pa.Super.2006)). "[I]n evaluating the revocation of [an] SIP sentence, we ordinarily… apply that [same] scope of review." ***Id.***

Appellant's combined issues challenge both the legality and the discretionary aspects of his sentence. For purposes of disposition, we will first discuss his combined issues as they relate to the legality of his sentence.

> "A challenge to the legality of a sentence...may be entertained as long as the reviewing court has

jurisdiction." ***Commonwealth v. Borovichka***, 18 A.3d 1242, 1254 (Pa.Super.2011) (citation omitted). It is also well-established that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." ***Commonwealth v. Rivera***, 95 A.3d 913, 915 (Pa.Super.2014) (citation omitted). "An illegal sentence must be vacated." ***Id.*** "Issues relating to the legality of a sentence are questions of law[.] ... Our standard of review over such questions is *de novo* and our scope of review is plenary." ***Commonwealth v. Akbar***, 91 A.3d 227, 238 (Pa.Super.2014) (citations omitted).

***Commonwealth v. Wolfe***, 106 A.3d 800, 801–02 (Pa.Super.2014), ***aff'd,*** No. 68 MAP 2015, 2016 WL 3388530 (Pa. June 20, 2016).

In his first issue, Appellant argues that, because the original October 3, 2013 sentencing order provided that he was to serve a total period of two years' intermediate punishment and because he had already served over two years' when he was re-sentenced, the court lacked authority to re-sentence him to anything other than time served. We disagree.

Appellant's October 3, 2013 sentencing order provided that Appellant serve two years in the SIP program. Appellant could have completed his sentence on October 3, 2015, however, upon being apprised that Appellant violated the terms of the SIP program, the court scheduled and conducted a revocation hearing, after which Appellant's participation in the SIP program was revoked on July 28, 2015. Thus, Appellant's first issue is devoid of merit.

In his second and third issues, Appellant argues the court violated the terms of his negotiated plea agreement when it re-sentenced him. He

claims the agreement provided that his minimum sentence would be sixteen months, and that he had already served this time at sentencing. He concludes he should have been re-sentenced to time served with an additional period of probation. Alternately, he argues that because he had already served the sixteen-month minimum on his theft and robbery convictions, the court should have only sentenced him for his possession of a firearm conviction. Again, we disagree.

The relevant statute provides:

> **§ 9774. Revocation of State intermediate punishment sentence**
>
> **(a) General rule.**--The court may at any time terminate a sentence of State intermediate punishment pursuant to 61 Pa.C.S. Ch. 41 (relating to State intermediate punishment).
>
> **(b) Revocation.--**The court shall revoke a sentence of State intermediate punishment if after a hearing it determines that the participant was expelled from or failed to complete the program.
>
> **(c) Proceedings upon revocation.--**Upon revocation of a State intermediate punishment sentence, the sentencing alternatives available to the court shall be the same as the alternatives available at the time of initial sentencing. The attorney for the Commonwealth must file notice, at any time prior to resentencing, of the Commonwealth's intention to proceed under an applicable provision of law requiring a mandatory minimum sentence.

42 Pa.C.S. § 9774. Accordingly, if a court revokes a defendant's SIP sentence, it must re-sentence him. ***Commonwealth v. Kuykendall***, 2 A.3d 559, 562 (Pa.Super.2010). Further:

> As it is well established that the sentencing alternatives available to a court at the time of initial sentencing are all of the alternatives statutorily available under the Sentencing Code, these authorities make clear that at any revocation of probation hearing, the court is similarly free to impose any sentence permitted under the Sentencing Code and is not restricted by the bounds of a negotiated plea agreement between a defendant and prosecutor.

*Commonwealth v. Wallace*, 870 A.2d 838, 843 (Pa.2005) (footnotes omitted).

Here, the court revoked Appellant's SIP sentence and re-sentenced him to an aggregate 46-108 months' incarceration. Specifically, the court sentenced Appellant to consecutive periods of incarceration of 2-6 months for each of his burglary and theft convictions on Docket Nos. 444, 445, 446, 449, 450, 45 and 46, plus a consecutive period of incarceration of 30 to 60 months for his possession of a firearm conviction. The court then gave Appellant credit for time served. The court was not required to adhere to the plea agreement upon re-sentencing Appellant,[1] and it was not required to give him credit for time he spent in the SIP program before it revoked his SIP sentence.[2]

_____

[1] Although the court was not required to adhere to the plea agreement, it imposed a sentence within the boundaries of the agreement.

[2] *See Commonwealth v. Kuykendall*, 2 A.3d 559, 565 (Pa.Super.2010) ("In exchange for admittance into SIP, the defendant surrenders his statutory right to credit for time served while housed in a county correctional institution or non-Pennsylvania state correctional facility. Revocation and re-
*(Footnote Continued Next Page)*

- 8 -

To the extent Appellant's issues challenge the discretionary aspects of his sentence, we observe that challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right. ***Commonwealth v. Allen***, 24 A.3d 1058, 1064 (Pa.Super.2011). Before this Court can address such a discretionary challenge, an appellant must invoke this Court's jurisdiction by satisfying the following four-part test:

> (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Id.***

Although Appellant filed a timely notice of appeal and included a Pa.R.A.P. 2119(f) statement in his brief, he failed to object at sentencing or otherwise preserve his issue in a timely post-sentence motion. Thus, Appellant has failed to invoke this Court's jurisdiction for his discretionary aspects of sentencing claims. ***See id.; see also Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa.Super.2013) (holding Appellant waived challenge to discretionary aspects of sentence following revocation of SIP

_(Footnote Continued)_ ————————

sentencing do not constitute a second punishment, but provide a necessary incentive to the defendant to complete the program.").

sentence by failing to object at sentencing or preserve issue in post-sentence motion).

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/29/2016