J. S10025/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JACKELINE RIVERA, | : | |
| Appellant | : | |
| | : | No. 1222 EDA 2016 |

Appeal from the Judgment of Sentence March 29, 2016
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0003372-2012

BEFORE: BENDER, P.J.E., DUBOW, J., and SOLANO, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MARCH 15, 2017**

Appellant, Jackeline Rivera, appeals from the Judgment of Sentence of 9 to 18 months' incarceration following the revocation of her probation. We affirm.

The relevant facts and procedural history, as gleaned from the Certified Record, are as follows. On September 28, 2012, Appellant entered a plea of *nolo contendere* to one count of Receiving Stolen Property.[1] The court sentenced Appellant to a period of time-served to 12 months less one day, followed by 2 years of probation. The court granted Appellant immediate parole.

---

[1] 18 Pa.C.S. § 3925(a).

On March 19, 2013, Appellant appeared for a probation violation hearing. Appellant conceded that she violated her probation, and the court revoked her parole and probation. The court remanded Appellant to prison to serve the balance of her parole sentence, and resentenced her to a consecutive term of 2 years' probation.

The court granted Appellant parole on July 4, 2013. On January 3, 2014, police arrested Appellant and charged her with Retail Theft and Conspiracy to Commit Retail Theft.[2] On April 1, 2014, Appellant appeared for a second probation revocation hearing, and conceded the allegations in the revocation Petition. The court again revoked Appellant's parole and remanded Appellant to serve the balance of the parole sentence in county prison. The court immediately re-paroled Appellant, and re-imposed a 2-year probationary sentence consecutive to the completion of Appellant's parole.

On September 8, 2015, Appellant appeared before the court for a third probation revocation hearing following allegations that Appellant failed to remain drug-free and failed to undergo drug screening as directed by the Adult Probation Office. Appellant admitted to violating the terms of her probation. Owing to her repeated noncompliance with the terms of her parole and probation, and her need for drug treatment, the court sentenced Appellant to 11½ to 23 months' incarceration, followed by 2 years of

---

[2] 18 Pa.C.S. § 3929(a)(1) and 18 Pa.C.S. § 903(a)(1), respectively.

probation. The court also ordered Appellant to undergo a drug and alcohol evaluation, and directed that, if recommended, Appellant could be released to an inpatient treatment program. On November 18, 2015, based on the recommendation from the evaluation, the court granted Appellant parole to inpatient treatment.

On December 24, 2015, police arrested Appellant, and charged her with one count of Simple Assault, a misdemeanor of the second degree, and one count of Harassment, graded as a summary offense.[3] Appellant pleaded guilty, and the court sentenced her to 12 months of probation.

Appellant's arrest for Simple Assault and Harassment, and her admission that she smoked marijuana on December 21, 2015, constituted violations of her probation. Accordingly, on March 8, 2016, Appellant appeared for a fourth probation revocation hearing, at which she conceded that she had violated her probation. The Adult Probation Office recommended that the court revoke Appellant's probation and resentence her to an additional period of 1 to 2 years' incarceration in state prison.

Following the hearing, the court revoked Appellant's probation and remanded her to serve the remainder of her September 8, 2015 sentence. Additionally, the court imposed a sentence of 9 to 18 months' incarceration, on the Simple Assault charge, to be served consecutive to the balance of the

---

[3] 18 Pa.C.S.§ 2701(a)(1) and 18 Pa.C.S. § 2709(a)(1), respectively.

parole violation. The court denied Appellant's request to be eligible for the Reduced Recidivism Reduction Initiative ("RRRI").

After the court imposed the sentence, Appellant became aggravated and argumentative. As she was leaving the courtroom, Appellant called the court an inappropriate name. The court, therefore, ordered Appellant to return for a hearing on March 22, 2016, to show cause as to why the court should not hold her in contempt.

On March 11, 2016, the court received a letter from Appellant apologizing for her actions, and requesting that the court make her RRRI eligible and sentence her to county prison. The trial court treated this letter as a Motion for Reconsideration of Sentence. On March 22, 2016, Appellant appeared for the show cause hearing, after which the court found her not guilty of contempt. The court also resentenced Appellant to 12 to 24 months' incarceration, and granted Appellant's request for RRRI eligibility.

After prison officials notified the trial court that Appellant's Simple Assault conviction disqualified her from RRRI eligibility, on March 29, 2016, the court entered an Order *sua sponte* vacating the March 22, 2016 Judgment of Sentence, and reinstating the March 8, 2016 Judgment of Sentence.

On April 9, 2016, Appellant sent the court a letter indicating that she wished to appeal her Judgment of Sentence. On April 15, 2016, the court entered an Order treating Appellant's letter as a *pro se* Notice of Appeal,

appointing Appellant counsel, and directing counsel to file a proper Notice of Appeal. Counsel filed a Notice of Appeal on April 21, 2016. Appellant and the trial court complied with Pa.R.A.P. 1925.

"Generally, in reviewing an appeal from a judgment of sentence imposed after the revocation of probation, this Court's scope of review includes the validity of the hearing, the legality of the final sentence, and if properly raised, the discretionary aspects of the appellant's sentence." ***Commonwealth v. Kuykendall***, 2 A.3d 559, 563 (Pa. Super. 2010) (citing ***Commonwealth v. Ferguson***, 893 A.2d 735, 737 (Pa. Super. 2006)).

Appellant raises one issue on appeal in which she claims that "the sentence imposed by the lower court [was] manifestly excessive or otherwise unjustified based upon the lack of any proportional punishment based upon the nature of [Appellant's] probation violation and need for rehabilitation[.]" Appellant's Brief at 8. Appellant challenges the trial court's imposition of a consecutive sentence, which Appellant must serve in a state prison, rather than county jail. ***Id.*** at 17. This issue implicates the discretionary aspects of Appellant's sentence, which is reviewable by this Court in the revocation setting. ***Commonwealth v. Cartrette***, 83 A.3d 1030 (Pa. Super. 2013) *(en banc).*

Where an appellant challenges the discretionary aspects of a sentence, there is no automatic right to appeal, and an appellant's appeal should be considered a petition for allowance of appeal. ***Commonwealth v. W.H.M.,***

932 A.2d 155, 163 (Pa. Super. 2007). As we observed in **Commonwealth v. Moury**, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Id.** at 170 (citing **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006)).

In the instant case, Appellant filed a timely notice of appeal, and timely Post-Sentence Motion. She also included a separate Pa.R.A.P. 2119(f) statement in her appellate brief. As to whether Appellant has presented a substantial question, we must examine the specific sentencing issue raised by Appellant.

In her Pa.R.A.P. 2119(f) Statement, Appellant alleges that her probation violation "did not warrant [her transfer] to a [s]tate [c]orrectional [i]nstitute to serve her sentence[,]" and that her sentence was not reasonably proportional to the crimes she committed. Appellant's Brief at 12.

It is well-settled that:

> The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. Generally, however, in order to establish a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

*Commonwealth v. Marts*, 889 A.2d 608, 612 (Pa. Super. 2005) (internal citation omitted).

Our review of Appellant's Pa.R.A.P. 2119(f) statement reveals that Appellant failed to allege that her sentence is inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. Accordingly, we decline to find that Appellant raised a substantial question permitting our review as to the trial court's imposition of consecutive sentences.[4]

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/2017

---

[4] Moreover, a challenge to the imposition of consecutive sentences does not ordinarily raise a substantial question permitting our review. *Commonwealth v. Mastromarino*, 2 A.3d 581, 586-87 (Pa. Super. 2010).