J. S26028/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
HASSAN BURGESS FOLKES,   :
  :
APPELLANT   :
  :   No. 1237 MDA 2016

Appeal from the Judgment of Sentence June 27, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001156-2015
CP-36-CR-0005789-2014

BEFORE: BOWES, J., DUBOW, J., and FITZGERALD, J.[*]

MEMORANDUM BY DUBOW, J.:           **FILED MAY 04, 2017**

Appellant, Hassan Burgess Folkes, appeals from the Judgment of Sentence of 2 to 5 years' incarceration imposed following the revocation of his probation. After careful review, we affirm.

The relevant facts and procedural history, as gleaned from the Certified Record, are as follows. On May 22, 2015, Appellant entered a guilty plea to Possession with Intent to Deliver and Possession of a Controlled Substance (Heroin)[1] at each of two criminal docket numbers. Pursuant to a negotiated plea agreement, the court sentenced Appellant to

---

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 7800-113(a)(30) and 35 P.S. § 780-113(a)(16), respectively.

two concurrent sentences of time-served to 23 months' incarceration, followed by 2 years' probation.

On August 4, 2015, Appellant failed to report to a scheduled probation appointment. In investigating Appellant's failure to report, the probation department learned that Appellant had provided false addresses. Accordingly, the court issued a bench warrant for Appellant's arrest on August 7, 2015.

Police arrested Appellant on March 16, 2016. On April 18, 2016, Appellant appeared before the trial court for a parole violation hearing, at which he admitted to violating his parole, and represented to the court that he had voluntarily surrendered to police.

Following his parole violation hearing, the court found Appellant in violation of his supervision, ordered a Presentence Investigation ("PSI") Report, and directed that Parole Services verify whether Appellant had, in fact, voluntarily turned himself in.

On June 27, 2016, the court held Appellant's sentencing hearing. At the hearing, the Commonwealth informed the court that Appellant had not voluntarily surrendered to police; rather, that the Susquehanna Regional Police Department had arrested him seven months after he had disappeared, after finding him sleeping in an illegally-occupied apartment.

In addition, the PSI report revealed that in the 15 years prior to his original plea on these charges, Appellant had been convicted of charges

relating to the sale of illegal drugs, as well as theft crimes, resisting arrest, and simple assault. Over the years, Appellant had been convicted of at least 25 felonies and misdemeanors.

Following the hearing, the court sentenced Appellant to 2 to 5 years' incarceration with time-served credit from March 4, 2016 until the date of sentencing.

On July 7, 2016, Appellant filed a Post-Sentence Motion, in which he argued that his sentence was excessive for a first technical violation of parole and that the court failed to consider mitigating circumstances in sentencing him. The trial court denied Appellant's Motion on July 11, 2016.

Appellant filed a timely appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

> Was the trial court's sentence of two (2) to five (5) years of incarceration manifestly excessive under the circumstances so as to constitute an abuse of discretion.

Appellant's Brief at 5.

"Generally, in reviewing an appeal from a judgment of sentence imposed after the revocation of probation, this Court's scope of review includes the validity of the hearing, the legality of the final sentence, and if properly raised, the discretionary aspects of the appellant's sentence." *Commonwealth v. Kuykendall*, 2 A.3d 559, 563 (Pa. Super. 2010) (citing *Commonwealth v. Ferguson*, 893 A.2d 735, 737 (Pa. Super. 2006)).

Appellant claims on appeal that his revocation sentence is excessive because the trial court failed to consider his turbulent upbringing, the gravity of his first-time, technical parole violation, and his rehabilitative needs before sentencing him. Appellant's Brief at 16-15. He also alleges that his revocation sentence exceeded his original sentence of two concurrent terms of time served to 23 months' incarceration, followed by 2 years' probation. *Id.* at 19. These issues implicate the discretionary aspects of Appellant's sentence. *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*).

"Where an appellant challenges the discretionary aspects of a sentence, there is no automatic right to appeal, and and appellant's appeal should be considered a petition for allowance of appeal." *Commonwealth v. W.H.M.,* 932 A.2d 155, 163 (Pa. Super. 2007). As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)).

In the instant case, Appellant filed a timely Notice of Appeal, and timely Post-Sentence Motion. He also included a separate Pa.R.A.P. 2119(f) statement in his appellate brief. As to whether Appellant has presented a substantial question, we must examine the specific sentencing issue raised by Appellant.

In his Pa.R.A.P. 2119(f) Statement, Appellant alleges that his sentence is manifestly excessive because his probation violations were merely technical and the court failed to consider mitigating factors. Appellant's Brief at 10-11. He also alleges that his revocation sentence is excessive because it exceeds his original aggregate sentence of time-served to 23 months' with a consecutive two-year term of probation. *Id.* at 12. He concludes, therefore, that he has raised a substantial question as to the appropriateness of his sentence under 42 Pa.C.S. §§ 9721 and 9781(c)(2). *Id.*

We disagree with Appellant that his allegation that the court failed to consider mitigating factors when resentencing him raises a substantial question. *See Commonwealth v. Matroni*, 923 A.2d 444, 445 (Pa. Super. 2007) ("[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." (quotation and citation omitted)). However, we

find that his claim that his revocation sentence, which was in excess of his original sentence, does present a substantial question. **See Commonwealth v. Sierra**, 752 A.2d 910, 913 (Pa. Super. 2000) (finding a substantial question exists when "a sentence of total confinement, in excess of the original sentence, is imposed as a result of a technical violation of parole or probation[]").

Having determined that Appellant has raised a substantial question for review, we turn to the merits of his claim.

"In reviewing a challenge to the discretionary aspects of sentencing, we evaluate the court's decision under an abuse of discretion standard." **Commonwealth v. Dodge**, 77 A.3d 1263, 1274 (Pa. Super. 2013) (citation and quotation omitted). Additionally, this Court's review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d)." **Id.** Section 9781(c) reads:

> (c) Determination on appeal.—The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
> > (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
> >
> > (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
> >
> > (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

> In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

In reviewing the record, we consider:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

We review a claim that a revocation sentence is excessive with the following in mind:

> The imposition of a sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

***Commonwealth v. Colon***, 102 A.3d 1033, 1043 (Pa. Super. 2014) (citation omitted). When imposing a sentence of incarceration after revocation of probation, the sentencing court "is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." ***Id.*** at 1044.

"Our Supreme Court has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citing *Commonwealth v. Devers*, 546 A.2d 12, 18–19 (Pa. 1988)).

Appellant essentially argues that the trial court abused its discretion in sentencing him to 2 to 5 years' incarceration for a first-time, technical parole violation, when it originally sentenced him to two concurrent terms of time-served to 23 months' incarceration, and 2 years' probation. Appellant's Brief at 19. Appellant claims that he complied with the rules and regulations of his parole, reported for his weekly appointments, and submitted to drug testing. *Id.* He avers that he demonstrated a potential for rehabilitation and compliance with court orders. *Id.* at 20-21. Therefore, he asserts that the court's revocation sentence was excessive and should be vacated. *Id.* at 21.

After a thorough review of the record, Appellant's Brief, the applicable law, and the comprehensive and well-reasoned Opinion of the trial court, we conclude there is no merit to Appellant's issue on appeal. Accordingly, we affirm on the basis of the trial court's Opinion. *See* Trial Ct. Op., 10/18/16, at 5-7. The parties are instructed to attach the October 18, 2016 Opinion to any future filings.

Judgment of Sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/4/2017

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CRIMINAL

COMMONWEALTH OF PENNSYLVANIA :

v.                                              No. 1156-2015 0
                                                    5789-2014
HASSAN BURGESS FOLKES          :

## OPINION

BY: WRIGHT, J.                           October 18, 2016

This Opinion is written pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure. In his statement, Defendant Hassan Burgess Folkes claims this court erred by issuing an aggregate sentence of two to five years at a Pennsylvania State Correctional Institution for Petitioner's probation violation. A review of the record and applicable law demonstrates that Defendant's claim lacks merit and, therefore, his appeal should be dismissed.

## BACKGROUND

On May 22, 2015, Defendant pled guilty before me to possession with intent to deliver,[1] and to possession of a controlled substance,[2] as a result of Defendant's possession of "two bundles containing twenty glassine bags" of heroin. (Police Criminal Complaint, 1156-2015 at 5; Guilty Plea Colloquy, 5/22/15; Guilty Plea Agreement, 5/22/15). Pursuant to a negotiated plea, Defendant was sentenced to time served to twenty-three months, followed by two years' probation. (Sentencing Order, 5/22/15; Plea Agreement, 5/22/15).

---

[1] 35 § 7800-113 §§ A30
[2] 35 § 780-113 §§A16

1

Little more than two months after his parole, Defendant failed to report to a scheduled probation appointment and his whereabouts were unknown (N.T. PV Hr'g 06/27/16 at 5; Pet. to Issue Capias and Bench Warrant, Info. No. 5789-14, 1156-15). In following up, APPS learned that the two addresses Defendant had provided them were false. (Pet. to Issue Capias and Bench Warrant, Info. No. 5789-14, 1156-15). As a result, a bench warrant was issued on August 7, 2015, three days after Defendant failed to appear at his appointment. (Id.; Order, 5789-14, 1156-15, 8/07/15).

Defendant's whereabouts remained unknown until his apprehension on March 16, 2016, and thus this Court had no further contact with Defendant until April 18, 2016, when at his parole violation hearing, Defendant signed a stipulation admitting that he had violated parole. (Parole Violation Stipulation, 04/18/16). At the hearing, Defendant assured me that he had turned himself in. (N.T. PV Hr'g 06/27/16 at 9). I found Defendant to be in violation of his supervision, ordered a Presentence Investigation (PSI), and directed that Parole Services verify whether Defendant had in fact voluntarily turned himself in. (Order 1156-2015 4/19/16; Court Sheet, 1156-15, 4/18/16).

Defendant's sentencing took place on June 27, 2016. (N.T. PV Hearing and Sentencing 6/27/16). At that hearing, it became evident that Defendant's previous assertion was a blatant lie. Far from turning himself in, Defendant was in fact arrested on March 16, 2016 (seven months after the he went missing and the bench warrant was issued) by the Susquehanna Regional Police Department, when he was caught sleeping in an apartment which was "then and there being illegally occupied." (N.T. PV Hr'g and Sentencing 6/27/16 at 9). In addition, the PSI revealed that in the fifteen years prior to his original plea, he had been convicted on charges relating to the sale of illegal

2

drugs, as well as theft crimes, resisting arrest, and simple assault. In total, Defendant had been convicted on no less than twenty-five felonies and misdemeanors. (N.T. PV Hr'g and Sentencing, 06/27/16 at 8:18–8:20; Lancaster County Court of Common Pleas, Court Summary, Hassan Burgess Folkes, DOB: 10/02/1977). In light of the violation, Petitioner's extensive record, and other factors, I sentenced Petitioner to two to five years, with time credit from March 4, 2016 until the date of sentencing.

## DISCUSSION

In his Statement of Errors Complained of on Appeal, Defendant raises two arguments: (1) that the "sentence imposed by the court was so manifestly excessive as to constitute too severe a punishment;" and (2) that the trial court erred by imposing a sentence predicated predominantly upon past actions and not Mr. Folkes' present behavior."[3] (Statement of Errors).

Defendant's arguments amount to challenges of the discretionary aspects of sentencing for which there is no automatic right of appeal. *See* 42 Pa.C.S.A. § 9781; Commonwealth v. Colon, 102 A.3d 1033, 1042 (Pa. Super. Ct. 2014) (citing Commonwealth v. Hanson, 856 A.2d 1254, 1257 (Pa. Super. Ct. 2004); see Commonwealth v. Marts, 889 A.2d 608, 611 (Pa. Super. Ct. 2005). Before a court may even consider the merits of a discretionary-sentencing claim, a defendant first must demonstrate that: (1) the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (2) a timely notice of appeal was filed; (3) Defendant fully complied with Pennsylvania Rule of Appellate Procedure 2119(f); and (4) there was a "substantial question" that the sentence imposed was not appropriate under the

---

[3] *See infra* note 4.

3

Sentencing Code.[4] 42 Pa.C.S.A. § 9781(b); Colon, 102 A.3d at 1042-43. These prerequisites will be addressed in turn.

In this case, Defendant has met the first three prerequisites. He preserved his claim by filing a timely post-sentence motion to modify the new sentence followed by a timely Notice of Appeal. For the purpose of this appeal, I will assume that he will likewise satisfy the requirements of Rule 2119(f) when he files his appellate brief.

As to the fourth prerequisite, whether an issue constitutes a "substantial question" is "evaluated on a case-by-case basis." Commonwealth v. Cunningham, 805 A.2d 566, 574 (Pa. Super. Ct. 2002) (citation omitted). A substantial question must "advance a colorable argument" that the sentence imposed was either "inconsistent with a specific provision of the Sentencing Code; or . . . contrary to the fundamental norms which underlie the sentencing process." Id. (citation omitted). To determine whether a challenge to a sentence imposed after a revocation of probation raises a substantial question, I "focus on the pertinent statutory provisions in the Sentencing Code." Commonwealth v. Williams, 69 A.3d 735, 741 (Pa. Super. Ct. 2013). The relevant statutory provisions are 42 Pa.C.S.A. § 9771(b), 42 Pa.C.S.A. § 9771(c), and 42 Pa.C.S.A. § 9721(b). Id.

Defendant's general claim that the sentence is "manifestly excessive" raises a substantial question. (See Commonwealth v. Cartrette, 83 A.3d 1030, 1042 (Pa. Super. Ct. 2013) (finding that a challenge to a sentence based on alleged inconsistencies with 42 Pa.C.S.A. § 9721(b) raises a substantial question).

---

[4] 42 Pa.C.S.A. § 9701 *et seq.*

4

The Superior Court of Pennsylvania has succinctly set forth the standard for reviewing a claim of excessiveness:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

Colon, 102 A.3d at 1043 (quoting Commonwealth v. Simmons, 56 A.3d 1280, 1283-84 (Pa. Super. Ct. 2012). When imposing a sentence of incarceration after revocation of probation, "the [sentencing] court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." Colon 102 A.3d 1033 at 1044 (Pa. Super. Ct. 2014) (citation omitted).

In this case, Defendant's sentence was entirely justified by his extensive criminal history, his seven-month-long flight from apprehension, and his habitual, willful decision to sell illegal drugs instead of seeking legal employment. As I noted at the sentencing hearing, I sentenced Defendant by weighing the "gravity of the underlying offenses as they relate to [the] community and as they related to [Defendant's] rehabilitative needs." (N.T. PV Hr'g and Sentencing, 06/27/16 at 7:21–8:5). Defendant was 38 years old at time of sentencing, and a high school graduate, showing "sufficient maturity to understand the significance of his acts." (Id. at 8:7–10). He also had "just enough verifiable work history to demonstrate he [could] be a productive member of the community" if he so chose. (Id. at 8:11–16). As Defendant previously stated to me, he had not worked since 2012 because he was "just being lazy." (Id.) As a result, he failed to pay anything on his fines in over one-and-a-half years. (Id.). Moreover, Defendant's drug and alcohol history indicated that he did not use cocaine or heroin himself, so his

5

convictions for selling those drugs strongly suggested his motive was purely for profit, not to support a drug addiction. (Id. at 8:21–24). The fact that he considered himself too lazy to get a job, and that he continued to illegally sell drugs for profit despite his numerous convictions, indicated that Defendant's actions were a deliberate choice, not an uncontrollable compulsion. Accordingly, Defendant apparently considered it easier to earn his living through illegal avenues than legal ones, and his previous sentences had so far been insufficient to deter Defendant's criminal behavior. Thus, to more effectively deter Defendant's behavior, and to protect our community, I came to the logical determination that Defendant required a stricter sentence than those to which he has previously been subjected.

Most telling, any credibility Defendant had regarding his assertions that he was "done" engaging in unlawful behavior was eliminated when Defendant intentionally violated his parole sentence, blatantly attempted to conceal it, and then continued to lie about it directly to the court. (See id. at 4:9–14). By Defendant's own admission, his failure to provide an address to his probation officer was wholly his own—instead of moving in with family who were willing to have him, and provide that address to probation, he *chose* to live with "friends" instead, at multiple addresses. (Id. at 4:13). Moreover, rather than take responsibility for that decision, Defendant lied to the Probation Department, providing them with multiple false addresses, and then evading police for *seven months*. (Id. at 7:16–19; 9:6–7). Indeed, even when confronted with this conduct, Defendant continued to look for ways to avoid the consequences of his unlawful behavior, lying that he had turned himself in, whereas in fact, he had been arrested on an unrelated matter. (Id. at 9:6–7).

6

Before sentencing, I considered an "extremely comprehensive and detailed PSI, the character of the defendant, arguments of counsel and the statement of the defendant." (Id. at 9: 10–13); see Commonwealth v. Griffin, 65 A.3d 932, 937–38 (Pa. Super. Ct. 2013) (noting that use of PSI Report gives rise to assumption that sentencing Court considered defendant's character along with any mitigating factors when fashioning sentence). The evidence revealed Defendant's "utter refusal" to comply with probation and parole, and it seemed readily apparent that Defendant would commit more crimes or more supervision violations if given another sentence of probation or partial confinement. (Id. at 9:18–22). Moreover, any sentence less than a lengthy incarceration would have depreciated the seriousness of the underlying crimes and Defendant's ongoing defiance of this court. (Id. at 10:1–3). Given Defendant's history, his disregard for the safety of the community, and the court's need to protect the public, especially in light of the recent heroin epidemic, a state sentence was warranted due to Defendant's propensity to reoffend, his extensive criminal history, and to vindicate the authority of the Court. See 42 Pa.C.S.A. § 9771(c). Under these circumstances, Defendant's sentence is entirely appropriate.[5]

## CONCLUSION

Defendant's claims of error lack merit. Therefore, this Court respectfully requests the dismissal of his appeal.

Accordingly, I enter the following:

---

[5] While the foregoing more than adequately addresses Defendant's second argument that I erred by giving too much weight to his past conduct, I will note specifically that I find it completely meritless. Defendant's past actions indicate an extremely high propensity for recidivism, and his current, willful violation of parole and dishonesty with the court corroborate this.

7

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CRIMINAL

COMMONWEALTH OF PENNSYLVANIA : 1156-2015 0
                                  : 5789-2014
                     vs.          :
                                  :
HASSAN BURGESS FOLKES            :

## ORDER

AND NOW, this 18th day of October, 2016, the Court hereby submits this

Opinion pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure.

I certify this document to be filed          BY THE COURT:
in the Lancaster County Office of
the Clerk of the Courts.

                                             JEFFERY D. WRIGHT
                                             JUDGE

Jacquelyn E. Pfursich
Clerk of Courts

Attest:

Copies to:

J. Alexander Marcinko, Esq., Assistant District Attorney
Joseph M. Blatt, Esq., Assistant Public Defender

2016 OCT 18 AM 11:03   CLERK OF COURTS   LANCASTER COUNTY, PA

8