J-S73024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                :          PENNSYLVANIA
                                :
           v.                    :
                                :
                                :
KEIRA ELOUISE BLUNT          :
                                :
          Appellant       :     No. 730 MDA 2017

Appeal from the Judgment of Sentence April 11, 2017
In the Court of Common Pleas of Berks County Criminal Division at No(s):
CP-06-CR-0004400-2014,
CP-06-CR-0004402-2014

BEFORE:   OLSON, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY DUBOW, J.:              **FILED MARCH 27, 2018**

Appellant, Keira Elouise Blunt, appeals from the April 11, 2017 Judgment of Sentence entered following the revocation of her parole. After careful review, we affirm.

On June 27, 2016, Appellant entered a guilty plea at two separate docket numbers to Possession With Intent to Deliver a Controlled Substance.[1] The court sentenced Appellant to two concurrent terms of 165 days' to 23 months' incarceration, followed by one year of probation.[2]

_____

[1] 35 Pa.C.S. §780-113(a)(30).

[2] The Sentencing Orders at each docket number are comprised of two parts: "Part 1" and "Part 2." At Part 1, the court sentenced Appellant to a term of incarceration. At Part 2, the court sentenced Appellant to a one-year probationary term.

_____

\*   Retired Senior Judge assigned to the Superior Court.

While on parole supervision by the Berks County Adult Probation & Parole Office, Appellant violated a technical provision of her supervision by possessing and using drugs or drug paraphernalia. On April 11, 2017, the court held a parole revocation hearing. At the hearing, Appellant admitted to violating the conditions of her parole, and asked the court if she could "just max [her] whole sentence out and get this over and done with? Because I don't want to keep coming here." N.T., 4/11/17, at 6-7. The court attempted to clarify Appellant's statement, to which she retorted, "[j]ust max this out." *Id.* at 7.

Following the hearing, the court revoked Appellant's parole and probation and resentenced Appellant at each docket number to serve the remainder of the maximum sentence originally imposed at Part 1 plus an additional sentence of 18 to 36 months' incarceration at Part 2.

Appellant filed a timely Post-Sentence Motion in which she challenged the discretionary aspects of her sentence. The trial court denied the Motion on April 21, 2017, in part, and granted the Motion in part to indicate Appellant's boot camp eligibility. This timely appeal followed.[3]

Appellant raises the following issue for our review:

Whether the [s]entencing [c]ourt erred and abused its discretion in sentencing Appellant to no less than 18 nor more than 36 months to the Bureau of Corrections for confinement in a State Correctional Facility on Part 2 of two dockets, to run

---

[3] Appellant and the trial court complied with Pa.R.A.P. 1925.

consecutively with each other and consecutive to Appellant's parole revocation, when such sentence of total confinement is manifestly excessive, clearly unreasonable, and contrary to the fundamental norms underlying the Sentencing Code given the circumstances of the case, namely, the technical nature of the violations involved, the recommendation of the Berks County Adult Probation Office (APO), and Appellant's amenability towards and recognition of the need for treatment outside of traditional rehab[?]

Appellant's Brief at 11.

"Generally, in reviewing an appeal from a judgment of sentence imposed after the revocation of probation, this Court's scope of review includes the validity of the hearing, the legality of the final sentence, and if properly raised, the discretionary aspects of the appellant's sentence." **Commonwealth v. Kuykendall**, 2 A.3d 559, 563 (Pa. Super. 2010) (citing **Commonwealth v. Ferguson**, 893 A.2d 735, 737 (Pa. Super. 2006)).

Appellant claims on appeal that her revocation sentence is excessive in light of the technical nature of her violations and her "obvious need for substance abuse treatment." Appellant's Brief at 20. **See also id.** at 22. She argues that the court ignored the contrition that she expressed at her sentencing hearing and her acknowledgement of her addiction, both of which indicate that she is amenable to further rehabilitative treatment. **Id.** at 23. Appellant also alleges that the court failed to comply with 42 Pa.C.S. §

9721(b) when it did not provide reasons on the record for its sentencing decision.[4] *Id.*

Appellant's issue challenges the discretionary aspects of her sentence. ***Commonwealth v. Booze***, 953 A.2d 1263, 1278 (Pa. Super. 2008) (recognizing that a claim that a sentence was excessive is treated as a challenge to the discretionary aspects of sentencing). ***See also Commonwealth v. Macias***, 968 A.2d 773, 776 (Pa. Super. 2009) ("The failure to set forth adequate reasons for the sentence imposed has been held to raise a substantial question.") (citation omitted). However, "[w]here an appellant challenges the discretionary aspects of a sentence . . . there is no automatic right to appeal, and an appellant's appeal should be considered a petition for allowance of appeal." ***Commonwealth v. W.H.M., Jr.***, 932 A.2d 155, 163 (Pa. Super. 2007).

To reach the merits of a discretionary issue, this Court must determine whether: (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of

_____

[4] Section 9721(b) of the Sentencing Code provides, in relevant part:

> In every case in which the court imposes a sentence for a felony or misdemeanor … the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

42 Pa.C.S. § 9721(b).

reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review. ***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220 (Pa. Super. 2011) (citation and footnotes omitted).

In the instant case, Appellant filed a timely Notice of Appeal, and timely Post-Sentence Motion. She also included a separate Pa.R.A.P. 2119(f) Statement in her Brief. As to whether Appellant has presented a substantial question, we must examine the specific sentencing issues she has raised.

The determination of whether there is a substantial question is made on a case-by-case basis, and this Court will grant the appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. ***Commonwealth v. Sierra***, 752 A.2d 910, 912-13 (Pa. Super. 2000).

In her Rule 2119(f) Statement, Appellant alleges that her sentence of total confinement is manifestly excessive because her probation violations were merely technical, she is in need of substance abuse treatment, the court did not adequately consider the sentencing factors provided in Section 9721(b) of the Sentencing Code, the court failed to articulate on the record

its reasons for imposing this particular sentence, and the court's sentence was motivated by a desire to punish Appellant. Appellant's Brief at 17.

We previously have held that the question of whether a court should impose a sentence of total confinement upon a technical violation of probation implicates the fundamental norms of sentencing. *Commonwealth v. Crump*, 995 A.2d 1280, 1282; *see also Sierra*, 752 A.2d at 913 ("On appeal from a revocation proceeding, we find a substantial question is presented when a sentence of total confinement, in excess of the original sentence, is imposed as a result of a technical violation of parole or probation. Such a sentence must be examined in light of section 9771(c)."). Thus, Appellant has raised a substantial question. We proceed to the merits of Appellant's claim.

We review a claim that a revocation sentence is excessive with the following in mind:

> The imposition of a sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Colon*, 102 A.3d 1033, 1043 (Pa. Super. 2014) (citation omitted). When imposing a sentence of incarceration after revocation of probation, the sentencing court "is limited only by the maximum sentence

that it could have imposed originally at the time of the probationary sentence." *Id.* at 1044 (citation omitted).

The same abuse of discretion standard applies in reviewing a challenge to the discretionary aspects of sentencing. *Commonwealth v. Dodge*, 77 A.3d 1263, 1274 (Pa. Super. 2013). "Additionally, this Court's review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d)." *Id.* (citation omitted). Section 9781(c) provides:

> (c) Determination on appeal.—The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
> > (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
> >
> > (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
> >
> > (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
>
> In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c)(1-3).

In reviewing the record, we consider:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

Although Section 9721(b) requires the court to make a statement of the reasons for the sentence imposed following revocation, the reasons "need not be as elaborate as that which is required at the initial sentencing." *Commonwealth v. Pasture*, 107 A.3d 21, 28 (Pa. Super. 2014).

Appellant argues that her sentence of total confinement is excessive because her violation was merely technical and because she needs substance abuse treatment. Appellant's Brief at 20, 22. She also argues that she has demonstrated her amenability to further rehabilitative treatment. *Id.* at 23. Last, Appellant alleges that the court failed to comply with 42 Pa.C.S. § 9721(b) when it did not provide reasons on the record for its sentencing decision. Appellant's Brief at 22-23.

The trial court explained its sentence as follows:

[T]he record is clear that the court appropriately considered, though briefly, the facts and circumstances of this case. We found that Appellant's excuses for not attending rehab to be nonsense, which clearly evinces future non-compliance with probation or parole. Additionally, we put great weight in Appellant's statements. . . . A [c]ourt can hardly be considered to have abused its discretion when the sentence imposed matches the request of Appellant.

Trial Ct. Op., 6/23/17, at 3.

- 8 -

Our review of the sentencing transcript indicates that, contrary to Appellant's averment, in fashioning Appellant's revocation sentence, the court explicitly noted that it had considered (1) Appellant's admission that she violated the terms of her supervision; (2) the recommendations of Appellant's parole supervisor; (3) Appellant's prior efforts at completing substance abuse treatment programs, the excuses she gave for not being successful in those programs, and her desire to participate in a different program; and (4) Appellant's request to "max [her] whole sentence out." N.T. Sentencing, 4/11/17.

The record is devoid of any indication that the trial court exercised judgment that was "manifestly unreasonable, or the result of partiality, prejudice, bias[,] or ill-will" *Colon*, *supra* at 1043. We, thus, conclude that the trial court did not abuse its discretion in imposing Appellant's sentence of confinement for violating the conditions of her probation.

Judgment of Sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/27/2018