J-S07034-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VANESSA L. WAGNER | : | |
| | : | |
| Appellant | : | No. 775 MDA 2018 |

Appeal from the Judgment of Sentence Entered April 20, 2018
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000327-2013,
CP-41-CR-0001024-2015, CP-41-CR-0002062-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VANESSA LYNN WAGNER | : | |
| | : | |
| Appellant | : | No. 776 MDA 2018 |

Appeal from the Judgment of Sentence Entered April 20, 2018
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0001024-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VANESSA L. WAGNER | : | |
| | : | |
| Appellant | : | No. 777 MDA 2018 |

Appeal from the Judgment of Sentence October 4, 2016
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000327-2013

BEFORE:   OLSON, J., McLAUGHLIN, J., and PELLEGRINI,* J.

MEMORANDUM BY PELLEGRINI, J.:                **FILED FEBRUARY 27, 2019**

Vanessa L. Wagner appeals the judgment of sentence entered in the Court of Common Pleas of Lycoming County (trial court).  Her sole claim is that the trial court imposed an excessively harsh prison term after revoking a State Intermediate Punishment (SIP).[1]  As to this discretionary aspect of the sentencing, we affirm.

**I.**

The trial court's Rule 1925(a) opinion sets forth all of the relevant case facts:

> [Wagner] was using heroin and, between late December 2012 and the end of January 2013, she stole $420 from her relatives and used it to purchase heroin.  As a result, she was charged in case 327-2013 with theft by unlawful taking (TBUT), graded as a misdemeanor of the first degree.  On June 28, 2013, [she] pleaded guilty to TBUT, and on September 30, 2013 she was sentenced to two years' probation.
>
> On November 17, 2013, [Wagner] stole $285 from her relatives and used this money to purchase heroin.  She injected heroin and then drove with her two-year old daughter in the vehicle.  She stopped at a park and made her two-year old daughter stand outside in cold and rainy weather while she sat in the vehicle and injected more heroin.  [Wagner] was charged with TBUT, endangering the welfare of children (EWOC) and related offenses

---

* Retired Senior Judge assigned to the Superior Court.

[1] ***See generally Commonwealth v. Kuykendall***, 2 A.3d 559, 563-64 (Pa. Super. 2010) (explaining that SIP is a two-year program aimed at treating the addictions of certain criminal offenders); 61 Pa.C.S. § 4105(b) (setting forth requirements of SIP program).  The program "is a privilege granted at the discretion of the sentencing court." ***Kuykendall***, 2 A.3d at 565.

in case 2062-2013. On May 5, 2014, [Wagner] pleaded guilty to TBUT and EWOC, both misdemeanors of the first degree. The court imposed an aggregate sentence of four years' supervision in the [county] Intermediate Punishment (IP) program with the first seven months to be served at the Lycoming County Pre-Release Center. The court also revoked [Wagner's] probation under 327-2013 and resentenced her to two years' probation consecutive to the sentence imposed in case 2062-2013. The conditions of [Wagner's] supervision included undergoing an assessment at the West Branch Drug and Alcohol Commission (West Branch) and complying with all recommendations. Furthermore, the court advised the appellant that if she did not take advantage of this opportunity and she placed her interests above those of her child, the court would not hesitate in revoking her sentence and imposing a period of state incarceration.

On May 7, 2015, the appellant took another individual's debit card and used it at Weis Markets to purchase $113.89 in merchandise and she attempted to use the card at an ATM . . . On June 9, 2015, in case 1024-2015, the appellant was charged with access device fraud, a misdemeanor of the third degree. On July 20, 2015, [Wagner] pleaded guilty to this charge and was sentenced to 12 months' probation consecutive to any sentence she was presently serving. On that same date, the court found that the appellate violated the conditions of her probation and IP program in her 2013 cases, but the court did not revoke those sentences. Instead, the court directed [Wagner] to attend and successfully complete the Re-entry Services Program, attend one meeting every day, obtain a sponsor, and follow any recommendation of West Branch and her counseling program. The court advised [Wagner] if she relapsed again she was at risk not only for county incarceration but a 60-day diagnostic evaluation or State Intermediate Punishment (SIP) evaluation.

On May 26, 2016, the court found that [Wagner] violated the conditions of her probation and her IP program by: testing positive for amphetamines, methamphetamines, and cocaine; being discharged from Crossroads counseling; and placing a child in danger by driving while drugs or metabolites were in her system. [Wagner] admitted that she used cocaine a few days prior to May 13, 2016. The court sent [Wagner] to be evaluated for the SIP program. On October 4, 2016, the court revoked its prior sentences under cases 327-2013, 2062-2013, and 1024-2015, and re-sentenced [her] to the SIP program.

**[Wagner admittedly] violated the conditions of the SIP program by committing the crime of escape, and she was expelled from the program. [Wagner] also used Suboxone without it being prescribed for her.** On April 20, 2018, the court revoked the SIP sentence and re-sentenced [her] to an aggregate sentence of five to ten years' incarceration in a state correctional institution, which consisted of one to two years' incarceration for TBUT and a consecutive two to four years' incarceration for EWOC in case 2062-2013, as well as a consecutive two to four years' incarceration for TBUT in case 327-2013. The sentence in case 1024-2015 was guilt without further punishment.

. . . .

[T]he court believes [Wagner's] supervision history justified a lengthy state sentence. Despite utilizing every available resource, including drug treatment and counseling, probation, the Reentry Services program, the county IP program, and the SIP program, nothing was successful. [Wagner's] substance abuse resulting in her committing new crimes, which was not only a violation of the conditions of her supervision; it also made [her] a danger to herself and others.

When [Wagner] used controlled substances, she not only risked overdosing and killing herself, but she endangered her child and the public. The court sentenced her to the SIP program because she used multiple controlled substances and she endangered her child by driving a motor vehicle after using cocaine. This was the second time that she had endangered her child by driving after using controlled substances. The SIP program was [her] last chance. She squandered it by escaping from a half-way house. [She] continually sabotaged herself. **Despite escalating sanctions and repeated warnings that if her behaviors continued she would face a state sentence, [she] continued to use controlled substances and commit crimes. For the safety of everyone, the court imposed a lengthy state sentence**.

Trial Court Opinion, at pp. 1-5 (emphases added).

Wagner filed a boilerplate motion to reconsider her sentence and the motion was denied. She timely filed a notice of appeal. In her Concise

- 4 -

Statement of Matters Complained of on Appeal (Rule 1925(b) statement), Wagner asserted as the sole ground that "the trial court abused its discretion by imposing an unduly harsh and manifestly excessive sentence of an aggregate of five to ten years at a state correctional institution."

In her brief, Wagner argues more specifically that the trial court abused its discretion when revoking the SIP sentence because there was no evidence that the SIP program is no longer viable for her. She stresses that she does not have a violent criminal history; her crimes stemmed from addiction; and she was making marked progress in the SIP program. Further, Wagner notes that at the time of the most recent offenses, she had been working a full-time job, she had regained custody of her child and she had shown remorse for her past actions. Wagner asserts that the trial court should have emphasized her improvement rather than the difficulties she faced in her road to recovery. She contends that she should have been granted an SIP sentence rather than a prison term, which she claims is excessive.

## II.

Wagner's asserted error concerns the trial court's exercise of discretion in imposing an aggregate prison sentence of five to ten years. Issues related to the discretionary aspects of sentencing do not entitle an appellant to review as of right, so such a challenge is treated as a petition for allowance of appeal. *See* 42 Pa.C.S. § 9781(b); *Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa. 1987); *Commonwealth v. Sierra*, 752 A.2d 910 (Pa. Super. 2000).

- 5 -

Discretionary rulings are reviewed under an abuse of discretion standard. **See Commonwealth v. Flowers**, 149 A.3d 867 (Pa. Super. 2016).

To warrant appellate review as to this type of discretionary matter, the petition for allowance of appeal must satisfy a four-part test: (1) whether the appellant filed a timely notice of appeal; (2) whether the issue was preserved; (3) whether the appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal; and (4) whether the concise statement in the brief raises a substantial question that the sentence is appropriate under the Sentencing Code. **See Commonwealth v. Carrillo-Diaz**, 64 A.3d 722, 725 (Pa. Super. 2013).

Here, Wagner has failed the second part of the above test because she did not specify the grounds of her appeal in her Rule 1925(b) statement or motion to reconsider the sentence. An appellant must specifically articulate the reasons the sentencing court's actions violated the sentencing code. **See Commonwealth v. Cartrette**, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*); **Commonwealth v. Moury**, 992 A.2d 162 (Pa. Super. 2010). "[A Rule 1925(b)] statement which is too vague to allow the [trial] court to identify the precise issue raised on appeal is equivalent to no statement at all." **Commonwealth v. Thompson**, 778 A.2d 1215, 1223-24 (Pa. Super. 2001). The trial court in this case was never apprised of the specific grounds Wagner asserts on appeal. Her failure to preserve those grounds for appellate review now precludes relief.

Regardless of the lack of preservation, we find no merit in Wagner's claim that the trial court abused its discretion in sentencing. Wagner had the burden of proving that the court "ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *See Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014). She failed to do so.

The trial court's opinion (quoted above nearly in its entirety) demonstrates thorough consideration of the pertinent sentencing factors and case facts. The record reflects that Wagner has a long history of drug abuse and mental illness. She has repeatedly attempted treatment for these issues, but has continually relapsed, putting herself, her daughter and the public in danger.

Wagner now claims that there is no competent evidence that an SIP sentence would be improper even though she was expelled from the program as recently as January 2018 when she escaped. At the sentencing, the trial judge explicitly recognized the potential that Wagner had exhibited during her years in treatment. However, the trial judge could not reconcile that success with Wagner's pattern of relapse. The trial judge explained that a prison term was Wagner's best chance at preventing her from further harming herself or others. There is no dispute that entry into an SIP program is a matter of

discretion to be exercised by the trial court. **See Kuykendall**, 2 A.3d at 565.[2]

Thus, we cannot find that the trial court abused its discretion in revoking the

SIP sentence and imposing an aggregate prison term of five to ten years.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 02/27/2019

---

[2] Upon expulsion from an SIP program, the trial court "shall revoke" an SIP sentence, and "the sentencing alternatives available to the court shall be the same as the alternatives available at the time of the initial sentencing."  42 Pa.C.S. § 9774(b)-(c).