J-S65032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHESTER GENE MEDLEY | : | |
| | : | |
| Appellant | : | No. 1168 MDA 2019 |

Appeal from the Judgment of Sentence Entered June 17, 2019
In the Court of Common Pleas of Northumberland County Criminal
Division at No(s):  CP-49-CR-0000486-2018

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

JUDGMENT ORDER BY COLINS, J.:                    **FILED DECEMBER 16, 2019**

Appellant, Chester Gene Medley, appeals from the judgment of sentence of one to two years of confinement, imposed after the revocation of his intermediate punishment ("IP") and probation for simple assault and disorderly conduct.[1]  We affirm.

Appellant pleaded *nolo contendere* to the aforementioned charges and was sentenced to two years of IP, which included nine months of house arrest with electronic monitoring, followed by one year of probation.  On May 21, 2019, a petition to revoke supervision was filed, asserting that Appellant had violated his house arrest on May 1, 2, and 7, 2019.  During his revocation

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2701(a) and 5503(a)(4), respectively.

hearing on June 6, 2019, Appellant testified that his alleged house arrest violations were due to "mechanical difficulties" with his tracking monitor, and his wife testified that he was home on May 1, 2, and 7. N.T. at 4, 26. His probation officer and her supervisor testified that there were no indications that his tracking monitor malfunctioned. *Id.* at 18-19, 32. The trial court found that Appellant had repeatedly violated his house arrest and, on June 17, 2019, sentenced him to one to two years of confinement. The trial court's "determination that [Appellant] violated his house arrest was based . . . on an assessment of credibility." Tr. Ct. Op., 8/13/2019. After his timely post-sentence motion was denied, Appellant filed this timely appeal on July 5, 2019.

Appellant presents the following issue for our review:

Whether the [trial] court erred by finding [Appellant] violated his house arrest conditions and probation and parole supervision on May 1st, 2019, May 2nd, 2019 and May 7th, 2019, when the evidence suggested the equipment had malfunctioned on prior occasions, when [Appellant] denied the violations, and when no qualified mechanical expert testified to the contrary, causing the court finding to go contrary to the preponderance of evidence?

Appellant's Brief at 6 (unnecessary capitalization omitted).

An IP sentence is "analogous to a sentence of probation. We review a sentence imposed following a revocation of probation for an error of law or an abuse of discretion. Accordingly, we apply that same standard in reviewing revocation of Appellant's [IP] sentence." *Commonwealth v. Flowers*, 149 A.3d 867, 872–73 (Pa. Super. 2016) (citations omitted). "[I]n reviewing an appeal from a judgment of sentence imposed after the revocation of probation, this Court's scope of review includes the validity of the hearing, the

legality of the final sentence, and if properly raised, the discretionary aspects of the appellant's sentence." ***Commonwealth v. Kuykendall***, 2 A.3d 559, 563 (Pa. Super. 2010).

Appellant's claim is a challenge to credibility – whether the trial court should have believed Appellant and his wife or the probation officer and supervisor. "An argument that the finder of fact should have credited one witness's testimony over that of another goes to the weight of the evidence." ***Commonwealth v. Smyser***, 195 A.3d 912, 916 (Pa. Super. 2018). However, a challenge to the weight of the evidence is not cognizable for an appeal from the revocation of probation. ***Commonwealth v. McDermott***, 547 A.2d 1236, 1246 (Pa. Super. 1988) ("no authority for appellant's assumption that a challenge to the evidence may be properly entertained on appeal from parole revocation"); ***Commonwealth v. Obert***, No. 457 WDA 2019, unpublished memorandum at 7 (Pa. Super. filed Sept. 19, 2019) ("challenge to the weight of the evidence is not cognizable for an appeal from the revocation of probation");[2] ***Commonwealth v. Levenberg***, No. 2680 EDA 2018, unpublished memorandum at 9 (Pa. Super. filed July 23, 2019)

---

[2] Pursuant to Pa.R.A.P. 126(b) (effective May 1, 2019):

> (1) As used in this rule, "non-precedential decision" refers to an unpublished non-precedential memorandum decision of the Superior Court filed after May 1, 2019 . . .

> (2) Non-precedential decisions as defined in (b)(1) may be cited for their persuasive value.

("no authority . . . indicates that we may entertain on appeal a challenge to the weight of the evidence from a probation revocation"); *see also* ***Commonwealth v. Mullins***, 918 A.2d 82, 85 (Pa. 2007) (procedural distinctions between a trial and a probation revocation hearing); ***Kuykendall***, 2 A.3d at 563 (scope of appellate review does not include weight of evidence claims). Accordingly, Appellant is not entitled to relief.[3]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/16/2019

---

[3] Assuming such a challenge were viable, we would note that, contrary to Appellant's allegation, there is no evidence that any of his tracking devices had malfunctioned. Appellant's probation officer had tried to accommodate him when he had complained about the reliability of his devices in the past by replacing his ankle monitor twice, even though there was no proof that those first two devices had malfunctioned. N.T. at 18, 32. Appellant cannot rely upon the officer's two prior attempts to appease him as evidence that there was something wrong with his third device – and there was no evidence that his final monitor had malfunctioned, either. Appellant also cites no authority to support his assertion that the Commonwealth is required to present expert testimony regarding the functioning of electronic monitoring equipment.